IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Robert RAYMOND,<br><br>        Plaintiff,<br><br>    v.<br><br>Barbara HOWARD, Sheldon D. Johnson, Jim McCauley, Kammi Foote, Lee Lundigran, Ken Baird, Sheryl Thur, Austin Erdman, Kathy Darling Allen, Beverly Ross, Freddie Oakley, and Kathleen Williams,<br><br>        Defendants. | 2:12-cv-02215-GEB-EFB and related cases:<br>2:12-cv-02217-GEB-EFB<br>2:12-cv-02219-GEB-EFB<br>1:12-cv-01407-GEB-EFB<br>1:12-cv-01408-GEB-EFB<br>1:12-cv-01412-GEB-EFB<br>2:12-cv-02220-GEB-EFB<br>2:12-cv-02221-GEB-EFB<br>2:12-cv-02222-GEB-EFB<br>2:12-cv-02223-GEB-EFB<br>2:12-cv-02225-GEB-EFB<br>2:12-cv-02259-GEB-EFB<br><br><u>ORDER DENYING EACH MOVANT'S MOTION FOR COMPULSORY JOINDER; ORDER TO SHOW CAUSE WHY RELATED ACTIONS SHOULD NOT BE STAYED</u> |

        Defendants Howard, Johnson, McCauley, Foote, Lundigran, Thur, Erdman, Allen, Ross, Oakley, and Williams (hereinafter "Defendants") each move to compel the joinder of the California Secretary of State ("Secretary") and California Attorney General ("Attorney General") as defendants. Each movant argues these state officers are required parties under Federal Rule of Civil Procedure ("Rule") 19. Plaintiff opposes each motion, arguing compulsory joinder is inappropriate because "the state non-party defendants refuse to join the action, have not requested joinder, and . . . the present parties can adequately represent the interest of the state . . . ." (<u>E.g.</u>, Pl.'s Opp'n to Def. Williams' Mot.

1

for Compulsory Joinder, Raymond v. Williams, No. 2:12-cv-02259, at 1:25-28, ECF No. 16.)

## I. BACKGROUND

Plaintiff seeks, in each related case, declaratory and injunctive relief against various county clerk-registrars to prevent them from enforcing certain California election laws that preclude non-residents from circulating state initiative petitions. An order issued in each case, certifying under 28 U.S.C. § 2403(b) that Plaintiff is challenging the constitutionality of state statutes. The Attorney General was served a copy of the certifications, and the hearing on each Defendant's joinder motion was continued since it was unclear whether the Attorney General would elect to intervene. The Attorney General did not intervene within the time period anticipated in that order.

## II. LEGAL STANDARD

"Federal Rule of Civil Procedure 19 governs compulsory party joinder in federal district courts." E.E.O.C. v. Peabody W. Coal Co., 610 F.3d 1070, 1077 (9th Cir. 2010).

Rule 19 provides in relevant part[1]:

> **(a) Persons Required to Be Joined if Feasible**.
>
> > **(1)** *Required Party*. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> >
> > > **(A)** in that person's absence, the court cannot accord complete relief among existing parties; or

---

[1] Rule 19 was revised in 2007, and the "Rules Committee advised the changes were stylistic only . . . . [T]he word 'required' replaced the word 'necessary' in [Rule 19](a)." Republic of Phil. v. Pimentel, 553 U.S. 851, 855 (2008). Therefore, the terms "required" and "necessary" are used interchangeably in this order.

2

```
                    (B)  that person claims an interest
                         relating to the subject of the
                         action and is so situated that
                         disposing of the action in the
                         person's absence may:

                         (i)  as a practical matter
                              impair or impede the
                              person's ability to
                              protect the interest; or

                         (ii) leave an existing party
                              subject to a substantial
                              risk of incurring double,
                              multiple, or otherwise
                              inconsistent obligations
                              because of the interest.

               (2)  Joinder by Court Order. If a person
                    has not been joined as required, the
                    court must order that the person be
                    made a party. A person who refuses
                    to join as a plaintiff may be made
                    either a defendant or, in a proper
                    case, an involuntary plaintiff.
          . . . .

          (b)  When Joinder Is Not Feasible. If a person
               who is required to be joined if feasible
               cannot be joined, the court must
               determine whether, in equity and good
               conscience, the action should proceed
               among the existing parties or should be
               dismissed. . . .
```

"A Rule 19 motion poses three successive inquiries." Peabody W. Coal, Co., 610 F.3d at 1078 (internal quotation marks omitted).

> First, the court must determine whether a nonparty should be joined under Rule 19(a). That nonparty (or "absentee") is now referred to as a "person required to be joined if feasible." If an absentee meets the requirements of Rule 19(a), the second stage is for the court to determine whether it is feasible to order that the absentee be joined. Finally, if joinder is not feasible, the court must determine at the third stage whether the case can proceed without the absentee or whether the action must be dismissed.

Id. (internal quotation marks and citations omitted).

"[T]he burden . . . rest[s] upon the party asserting the necessity of joining absent parties." Sierra Club v. Watt, 608 F. Supp. 305, 320 (E.D. Cal. 1985) (Karlton, C.J.), cited with approval in Makah Indian Tribe v. Verity, 910 F.2d 555, 558 (9th Cir. 1990).

### III. DISCUSSION

Defendants seek compulsory joinder of the Secretary and Attorney General in these related cases on, in essence, three grounds.

First, Defendants argue: "Given the Secretary of State and Attorney General's obligations with regard to the interpretation and enforcement of the Election Code, the court cannot accord complete relief to Plaintiff . . . on his claims without including these state officers as defendants." (Id. at 5:20–22.) Defendants contend: "It is the [Secretary's] duty to see . . . that election laws are enforced," and "[t]he Attorney [G]eneral is the chief law enforcement officer of the [S]tate and has the duty 'to see that the laws of the State are uniformly and adequately enforced.'" (E.g., Def. Howard's Mot. for Compulsory Joinder, Raymond v. Howard, No. 2:12-cv-02215, ("Mot.") 5:11–12, 5:15–17, ECF No. 16 (quoting Cal. Const. art. V, § 13) (citing Cal. Gov't Code § 12172.5).) Plaintiff counters that his "case[s] seek[] relief against the county [clerk registrars]; [they] do[] not seek relief against anyone else" or "all possible relief against all possible government actors, nor is that necessary to obtain the relief sought." (Pl.'s Opp'n to Def. Howard's Mot., Raymond v. Howard, No. 2:12-cv-02215, ("Opp'n") 9:2–13, ECF No. 18.)

Second, Defendants assert the Secretary and Attorney General's interests in the conduct of state elections and the enforcement of the state elections code will, in their absence, be impaired. Specifically, Defendants contend: "The absence of the Secretary of State in th[ese]

4

matter[s] would impair or impede the Secretary's ability to protect enforcement of the Elections Code should Plaintiff reach stipulated settlements in th[ese] matter[s], or choose not to enforce the Elections Code," and "[t]he California Attorney General likewise has weighty interests at stake, and is no less necessary for its resolution." (Mot. 7:6-9.) Plaintiff counters that the fact that "[n]either non-party government [official] expressed any interest in joining th[ese] case[s], [is] itself sufficient for denial of the motions for compulsory joinder." (Opp'n 4:25-27.)

Third, Defendants assert that in the absence of the Secretary and Attorney General, Defendants will be subject to a substantial risk of multiple or inconsistent obligations. Specifically, Defendants contend: "If all or some of the Defendants in th[ese] matter[s] reach a settlement with Plaintiff in which they agree not to enforce the laws in question, then the Secretary . . . or Attorney General may use their enforcement powers to require Defendants to enforce those law [in violation of] any such resolution." (Mot. at 8:9-11 (citing People ex rel. Lockyer v. Cnty. of Santa Cruz, 416 F. Supp. 2d 797 (N.D. Cal. 2006)).) Plaintiff rejoins that this argument "speculates on future events without any actual evidence of any intention by the non-party and unwilling government officials] to take any action . . . ." (Id. at 5:10-19 (citing Dawavendewa v. Salt River Project Agric. & Power Dist., 276 F.3d 1150, 1155 n.5 (9th Cir. 2002)).)

"There is no precise formula for determining whether a particular nonparty should be joined under Rule 19(a)." Bakia v. L.A. Cnty., 687 F.2d 299, 301 (9th Cir. 1982). "The determination is heavily influenced by the facts and circumstances of each case." Id. Considerations "include plaintiff's right to decide whom he shall sue,

1  avoiding multiple litigation, providing the parties with complete and
2  effective relief in a single action, protecting the absentee, and
3  fairness to the [moving] party." Id.
4     Plaintiff's right to decide whom to sue weighs against
5  compelling joinder, since Plaintiff opposes joinder and asserts that he
6  does not seek relief from the Secretary or the Attorney General.
7     Nor have the Defendants shown that the factor concerning
8  avoiding multiple litigation favors compelling joinder, in light of
9  Defendant Jim McCauley's request for judicial notice filed in Case No.
10 12-cv-2219 on February 15, 2013, which is granted.  Attached to that
11 judicial notice request are cases evincing that multiple other lawsuits
12 are pending on the same California election laws at issue in these
13 related cases. Specifically, the same California election laws are the
14 subject of pending litigation in the Central District of California case
15 captioned Libertarian Party of L.A. Cnty. v. Bowen, Case No. 11-55316
16 (2011) ("Libertarian Party"). The Secretary is a party in Libertarian
17 Party, and is represented by the Attorney General. The judicially
18 noticed documents also show that Plaintiff is seeking the identical
19 relief sought in these related cases in several pending cases in the
20 Northern District of California. See Raymond v. Arntz, Case No. CV-12-
21 4472 JCS (N.D. Cal.).
22    Further, the movants have not shown that the factor concerning
23 protection of the absent California officials favors joinder. Those
24 officials are currently litigating the constitutionality of the same
25 California Election laws involved in these related case in Libertarian
26 Party, and the Ninth Circuit recently issued a decision reversing and
27 remanding a matter to the district court in that case. See Libertarian
28 Party of L.A. Cnty. v. Bowen, 709 F.3d 867 (9th Cir. 2013). Since the

Secretary, represented by the Attorney General, is defending against the same constitutional claims involved here in Libertarian, the movants have not shown that their absence from these actions would impair or impede their interests.

Defendants' contention that absent joinder, they risk the threat of inconsistent obligations weighs in favor of joinder; some Defendants could reach a settlement with Plaintiff that is contrary the position of the Secretary, and the Attorney General could then use her enforcement powers to require Defendants to enforce the subject election laws as the Secretary opines they should be enforced. However, this factor does not cause the balance of all factors to favor joinder at this stage of the proceeding.

For the stated reasons, each Defendant's motion for compulsory joinder is DENIED. However, since California is currently litigating the constitutionality of the same election laws that are at issue in these related cases through its Secretary and Attorney General in Libertarian Party, each party shall show cause in a filing due no later than May 20, 2013, why all of the above-captioned related cases should not be stayed until a decision is issued in Libertarian Party.

Dated: May 3, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

7